IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:CR-07-389 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| DOROTHY ROBINSON, | : | |
|    a/k/a "DOROTHY JOHNSON, | : | |
|    a/k/a "MAE-MAE," | : | |
| | : | |
|    Defendant | : | |

## **MEMORANDUM**

October 21, 2008

**BACKGROUND:**

On September 27, 2007, a Grand Jury returned an indictment against Dorothy Robinson and thirteen (13) other individuals. Count One of the indictment charged Robinson, and her co-defendants, with conspiracy to distribute and possess with intent to distribute, more than five (5) grams of cocaine base known as crack and more than 500 grams of cocaine within protected zones, in violation of 21 U.S.C. §§ 846 and 860. Robinson and her co-defendants were also charged with drug trafficking counts, in violation of 21. U.S.C. §§ 846(a)(1) and 860. Arrest warrants were issued by the Court.

On October 2, 2007, Robinson was arrested and arraigned before Magistrate

Judge Mannion. The Federal Public Defender was appointed to represent her, and a not guilty plea was entered.

A sealed First Superseding Indictment was filed on October 11, 2007. This indictment charged Robinson with a new crime, conspiracy to distribute and possess with intent to distribute more than fifty (50) grams of cocaine base known as crack, more than 500 grams of cocaine and an undetermined amount of marijuana, in protected zones, in violation of 21 U.S.C. §§ 846 and 860. The indictment was unsealed on October 15, 2007 and Robinson filed an unopposed motion for a forty-five (45) day extension of time to file pretrial motions. On October 17, 2007, Robinson filed a motion for a bill of particulars, which was denied on November 3, 2007.

On October 27, 2007, a sealed Second Superseding Indictment was returned. Unsealed on October 30, 2007, this indictment named an additional defendant, Sharif Cliett. Dorothy Robinson was arraigned on the First and Second Superseding Indictments on November 7, 2007. She entered a plea of not guilty. Jury selection was scheduled for December 4, 2007.

On November 11, 2007, citing the "number of defendants involved in this case, its complexity, and the outstanding motions," (Rec. Doc. No. 167), the court,

with the defendants' concurrence,[1] continued the case until February 4, 2008.  (Rec. Doc. No. 221).

On December 12, 2007, Robinson's attorney, Assistant Federal Public Defender D. Toni Byrd, Esq., withdrew her appearance as counsel of record based upon the notice of appearance filed by Paul J. Petcavage, Esq.  Subsequently, on December 13, 2007, Robinson filed a motion for a forty-five (45) day extension of time to file pretrial motions.  This motion was granted on December 18, 2007 and Robinson's pretrial motions were due on January 27, 2008.  The court noted that, as a result of this due date and other defendants' motions, it would not be able to dispose of these motions prior to the scheduled February 4, 2008 date of jury selection.  (Rec. Doc. No. 298).  For these reasons, on January 22, 2008, the court continued this case until May 2, 2008.  (Rec. Doc. No. 324).

Meanwhile, on January 14, 2008, Paul J. Petcavage, Esq. filed a motion to withdraw as Robinson's attorney, citing his recent appointment as an Lycoming County Assistant District Attorney.  Granting this motion on January 15, 2008, the court appointed William Ruzzo, Esq. to represent Robinson.

---

[1] Eight (8) defendants agreed with the Court's initial stance that the case should be continued to May 2008.  Three (3) defendants, asserting that placing the case on the May 2008 trial would violate their right to a speedy trial, requested that the case be placed on the February 2008 trial list.

The case was reassigned from Judge Muir to the undersigned judge on March 13, 2008.

By order dated and filed March 24, 2008, we continued this case until May 6, 2008. (Rec. Doc. No. 370). As a result of the withdrawal of the attorney representing Brent Jenkins, Robinson's co-defendant, this case was again continued until June 2, 2008. (Rec. Doc. No. 382).

On April 21, 2008, Robinson's attorney, William Russo, Esq., filed a motion to withdraw as counsel of record, noting, <u>inter</u> <u>alia</u>, that "[d]efendant and counsel are in total disagreement regarding major issues in the instance case." (Rec. Doc. No. 383, ¶9). Following a hearing on the matter, we entered a motion dated May 5, 2008 granting Russo's petition and appointing Joseph A. O'Brien, Esq. to represent Robinson. (Rec. Doc. No. 393).

On May 19, 2008, we issued an order continuing the case to July 1, 2008, in order to have a psychiatrist examine Cliett to determine his competency to stand trial. (Rec. Doc. No. 403). Again, by order dated June 20, 2008, we continued the case until August 1, 2008 to provide us adequate time to consider the motion to suppress evidence from Robinson's co-defendant Sean Best and to wait for the psychiatrist's report to be filed. (Rec. Doc. No. 416).

On August 7, 2008, Robinson filed the motions now before the court, a

motion to dismiss the case for violation of the Speedy Trial Act, and for severance. (Rec. Doc. No. 433).  Robinson filed a supporting brief with her motion.  The government was provided extended time to respond[2] and did so on September 26, 2008.  Robinson did not file a reply brief.

On August 14, 2008, a sealed Third Superseding Indictment was returned.  The indictment added four new defendants, Curtis Mitchell, Dumfer Adjei-Frimpong, Raymond Leonard and Karen Sampson.  Arraigned on September 4, 2008, Robinson pled not guilty.

On August 21, 2008, we issued an order continuing this case until October 1, 2008.  (Rec. Doc. No. 452).  This continuance was issued because, on August 15, 2008, irreconcilable differences between Cliett and his attorney necessitated appointing new counsel.  Due to the number of pending motions and the recent addition of new defendants, another continuance was issued on September 29, 2008, setting jury selection for November 3, 2008.  (Rec Doc. No. 531).

These motions are now ripe for disposition.

**DISCUSSION:**

1. Motion to Dismiss for Violation of the Speedy Trial Act

Robinson grounds her motion in a single argument: that the length of her

---

[2] Robinson concurred in the government's motion.  (Rec. Doc. No. 453).

pretrial detention is unreasonable because the delays that have affected the trial date are not attributable to her.

Under the Speedy Trial Act, 18 U.S.C. § 3161, the trial of a defendant who has entered a not-guilty plea must commence within seventy (70) days from the filing of the indictment. 18 U.S.C. § 3161(c)(1). However, Section 3161(h) sets forth periods of delay which may be excluded when computing the time within which the trial must commence. The pertinent sections of the Speedy Trial Act provide:

> (h) The following periods of delay shall be excluded in computing the time within which an information or indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> (1)(A) delay resulting from any proceeding, include any examinations, to determine the mental competency or physical capacity of the defendant[s];
> ***
> (1)(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> ***
> (7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.
>
> (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant[s] or [their] counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant [s] in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be

excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant[s] in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(I) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

***

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny ... counsel for the defendant[s] or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161.  Robinson's seventy (70) days originally began to run on October 2, 2007, when she was arraigned on the initial indictment.  However, the seventy (70) days started anew on November 7, 2007, following her initial appearance on the new charges included within the First Superseding Indictment.  Severance has not yet been granted.  For convenience and clarity, we include a time line of the activities and delays to date:

<u>Date</u>       <u>Action</u>                                                              <u>Days Counted</u>

| Date | Event | Days |
|---|---|---|
| 10/2/07 | Indictment unsealed and Robinson arraigned. Federal Public Defender appointed to represent Robinson. | 70 days begin |
| 10/15/07 | First Superseding Indictment unsealed. | 13 days |
| 10/15/07 | Robinson filed unopposed motion for 45-day extension of time. Motion granted. Time is excludable until November 30, 2007. | 0 days |
| 10/17/07 | Robinson filed motion for bill of Particulars. Motion denied November 3, 2007. The time is excludable under 18 U.S.C. § 3161(h)(1)(F). | 0 days |
| 10/30/07 | Second Superseding Indictment unsealed. | 0 days |
| 11/7/07 | Robinson arraigned on the First and Second Superseding Indictments. | 70 days restart |
| 11/15/07 | The Court, with government and the defendants concurrence, found that the best interest of the public and the defendants were served by continuing the trial until February 2008 due to the complexity of the case, number of defendants and volume of outstanding pretrial motions. The time is excludable under 18 U.S.C. §§ 3161(h)(1)(F), (8)(A) and (B)(iv). (Rec. Doc. No. 221). | 0 days |
| 12/12/07 | Paul J. Petcavage, Esq. filed notice of appearance on Robinson's behalf. Assistant Federal Public Defender D. Toni Byrd, Esq., withdrew as counsel of record. | 0 days |
| 12/13/07 | Robinson filed motion for 45-day extension of time. Motion granted December 18, 2007. Pretrial motions due January 27, 2008. The time is excludable under 18 U.S.C. § 3161(h)(1)(F). | 0 days |

| | | |
|---|---|---|
| 1/14/08 | Paul J. Petcavage, Esq. filed motion to withdraw as Robinson's counsel of record, citing his appointment as Assistant District Attorney for Lycoming County.  Motion granted 1/15/08. William Russo, Esq. appointed to represent Robinson. | 0 days |
| 1/22/08 | The Court, noting that, <u>inter alia</u>, Robinson's motion for extension of time would prevent it from disposing of pending pretrial motions prior to the February 4, 2008 jury selection, continued trial until May 2, 2008.  The time is excludable under 18 U.S.C. §§ 3161(h)(1)(F), (8)(A) and (B)(iv).  (Rec. Doc. No. 324). | 0 days |
| 3/24/08 | Court continued trial until May 6, 2008 "to eliminate unnecessary motions of discovery . . . to eliminate delays in the presentation of evidence and the examination of witnesses, to expedite the trial pursuant to the provision of the Speedy Trial Act of 1975, and to set a time for the making of pretrial motions in accordance with Federal Rule of Criminal Procedure 12."  (Rec. Doc. No. 370). | 0 days |
| 4/21/08 | Court continued trial until June 2, 2008 as a result of the withdrawal of the attorney representing Brent Jenkins, Robinson's co-defendant.  Failure to grant the continuance would prevent Jenkins' new counsel from adequately preparing for the case, likely resulting in a miscarriage of justice.  The time is excludable under 18. U.S.C. §§ 3161(h)(7), (8)(A), (B)(I) and (iv).  (Rec. Doc. No. 338). | 0 days |
| 4/21/08 | William Russo, Esq. filed motion to withdraw as Robinson's counsel of record, citing total | 0 days |

|  |  |  |
|---|---|---|
|  | disagreement with Robinson regarding the major issues of the case. Motion granted May, 5, 2008. Joseph A. O'Brien, Esq. appointed to represent Robinson. |  |
| 5/19/08 | Court continued trial to July 1, 2008, in order to have Robinson's co-defendant Sharif Cliett examined by a psychiatrist to determine his competency to stand trial. The time is excludable under 18 U.S.C. §§ 3161(h)(1)(A) and (7). (Rec. Doc. No. 403). | 0 days |
| 6/20/08 | The Court, noting pending pretrial motions and the absence of the aforementioned psychiatrist's report, continued trial until August 1, 2008. The time is excludable under 18 U.S.C. §§ 3161(h)(1)(A), (F) and (7). (Rec. Doc. No. 416). | 0 days |
| 8/7/08 | Robinson filed motion to dismiss for violation of the Speedy Trial Act, for release and for severance. The time from the filing of this motion until the issuance of this memorandum and the subsequent order is excludable under 18 U.S.C. § 3161(h)(1)(F). | 0 days |
| 8/21/08 | Third Superseding Indictment unsealed. |  |
|  | In order to prevent a miscarriage of justice, the Court continued trial until October 1, 2008, citing pending pretrial motions and the need to appoint new counsel to represent Defendant Cliett. The time is excludable under 18 U.S.C. §§ 3161(h)(1)(F), (7), (8)(A), (B)(I) and (iv). (Rec. Doc. No. 452). | 0 days |
| 9/4/08 | Robinson arraigned on Third Superseding Indictment. | 0 days |

9/29/08      Court continued trial until November 3, 2008 as      0 days
             a result of pending pretrial motions and the
             addition of new defendants.  The time is excludable
             under 18 U.S.C. §§ 3161(c)(2), (h)(1)(F) and (7).
             (Rec. Doc. No. 531).

Robinson contends that she had no hand in the delay and notes that precedent indicates that her incarceration is unreasonable as a result.  See <u>United States v. Mendoza</u>, 663 F. Supp. 1043, 1047 (D.N.J. 1987).  However, as the above time line shows, this is untrue: a number of the delays are directly attributable to the defendant.

Moreover, <u>Mendoza</u> discusses the reasonableness of pretrial detention under 18 U.S.C. § 3164, but makes no mention of dismissal or the criteria upon which dismissal may be granted.  Therefore, we find that Robinson's reliance upon <u>Mendoza</u> to support her motion to dismiss is misplaced.

For the reasons discussed above, we find that the seventy-day speedy trial period has been tolled since Robinson was arraigned on the First and Second Superseding Indictments in November 2007.  Therefore, the scheduled November 3, 2008 trial does not violate Robinson's rights under the Speedy Trial Act.

<u>2. Motion to Sever</u>

Robinson seeks Federal Rule of Criminal Procedure 14 severance on the

grounds that her right to a speedy trial has been compromised as a result of her joinder with multiple defendants. The government contends that joinder is proper in this case and that Robinson has failed to show that she is or would be prejudiced by the joinder.

Rule 8(b) of the Federal Rules of Criminal Procedure states as follows:

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Rule 14(a) of the Federal Rules of Criminal Procedure states in relevant part as follows:

> (a) Relief. If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

There exists a preference in the federal system for joint trials of defendants who are indicted together. See, e.g., Zafiro v. United States, 506 U.S. 534, 537 (1993); United States v. Quintero, 38 F.3d 1317, 1339 (3d Cir. 1994). Under Rule 8(b), joinder of defendants is appropriate if "a transactional nexus exists between the . . . defendants to be joined." United States v. Eufrasio, 935 F.2d 553, 570 n.20 (3d Cir. 1991). The mere allegation of a conspiracy presumptively

satisfies Rule 8(b) because the allegation implies that the defendants named have engaged in the same series of acts or transactions constituting an offense. United States v. Friedman, 854 F.2d 535, 561 (2d Cir. 1988). In determining whether joinder is appropriate, the district court shall focus on the indictment, not on proof subsequently adduced at trial. Eufrasio, 935 F.2d at 567.

Under Rule 14, severance is appropriate where joinder creates a risk of substantial prejudice to a particular defendant or the government. See Zafiro, 506 U.S. at 540. Severance is a matter committed to the trial court's discretion and Rule 14 places the burden of showing prejudice from the joinder on the defendant seeking severance. Eufrasio, 935 F.2d at 568. Prejudice is the critical question and the mere allegation of prejudice is not enough. A defendant must affirmatively show "clear and substantial prejudice." See United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981). It is incumbent on a defendant to show more than the fact that a separate trial might offer him or her a better chance of acquittal. Id. In light of these standards we will consider Robinson's motion to sever.

The manner and means section of Count 1 of the Third Superseding Indictment demonstrates a "transactional nexus" between the defendants charged. It is alleged, inter alia, that the defendants, including Dorothy Robinson, "did intentionally, knowingly and unlawfully combine, conspire . . . and agree

together" to distribute crack cocaine and "[d]uring the course of the conspiracy and in furtherance thereof . . . [m]ade trips from Lycoming County to Florida, Alabama and Philadelphia, Pennsylvania, to obtain quantities of COCAINE and CRACK for distribution in the Lycoming County area."  In light of these allegations it was proper to join all of the defendants in one Indictment.  Therefore, severance is only proper under our discretion if Robinson would be clearly and substantially prejudiced in a joint trial.  See Zafiro, 506 U.S. at 539-40.  In support of her motion, Robinson asserts that her speedy trial rights have been violated.  As already noted, we do not believe that is true.

     Alternatively, Robinson claims that she is prejudiced by a "spillover" effect, where the overwhelming evidence introduced at trial will be inapplicable to one or more defendants.  In demonstrating prejudice, the defendant bears a "heavy burden," United States v. Niederberger, 580 F.2d 63, 66 (3d Cir), cert. denied, 439 U.S. 980 (1978), to show there is clear and substantial prejudice, not mere speculation.  United States v. Console, 13 F.3d 641, 655 (3d Cir. 1993).  Offering only conclusory statements, however, Robinson neglects to provide any specific examples as to how the alleged "spillover" effect may impact the case at bar.  Moreover, as previously noted, the trial court is to focus on the indictment alone to determine whether joinder is proper, not the evidence to be proffered.  Eufrasio,

935 F.2d at 567 (citing United States v. Somers, 496 F.2d 723, 729 (3d Cir.), cert. denied, 419 U.S. 832 (1974)).

Robinson has not convinced us that she will be prejudiced if she is tried jointly with the other defendants named in the Third Superseding Indictment.

**CONCLUSION:**

For the aforementioned reasons, the court will deny defendant Dorothy Robinson's motions to dismiss and for severance.

 s/James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT  
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | 4:CR-07-389 |
|---|---|---|
|  | : |  |
| v. | : | (Judge McClure) |
|  | : |  |

DOROTHY ROBINSON,                    :
   a/k/a "DOROTHY JOHNSON,     :
   a/k/a "MAE-MAE,"                   :
                                        :
   Defendant                               :

# O R D E R

October 21, 2008

For the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's motion to dismiss (Rec. Doc. No. 433) is DENIED.

2. Defendant's motion for severance (Rec. Doc. No. 433) is DENIED.


 s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge