# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : No. 4:07cr389 |
| | : No. 4:12cv1011 |
| v. | : |
| | : (Judge Munley) |
| DOROTHY ROBINSON, | : |
| Defendant | : |

## MEMORANDUM

Before the court is Defendant Dorothy Robinson's (hereinafter "Robinson") motion for reconsideration. (Doc. 1417). Robinson moves for reconsideration of the court's August 20, 2013 Order (Doc. 1412), which denied her motions for leave to file an untimely appeal. For the following reasons, the court will deny Robinson's motion for reconsideration.

## Background

On September 27, 2007, a grand jury in the United States District Court for the Middle District of Pennsylvania returned a 26-count indictment against a number of defendants related to a conspiracy to distribute cocaine and cocaine base within 1,000 feet of protected zones, including public housing and playgrounds. (Doc. 1). Robinson was named as a defendant in the conspiracy charge and specifically charged in count 21, possession with the intent to distribute and distribution within 1,000 feet of public housing. (Id.)

On September 1, 2009, a non-jury trial commenced against Robinson before the Honorable Thomas I. Vanaskie. Attorney Joseph O'Brien represented Robinson. On the third day of trial, Robinson withdrew her plea

of not guilty and pled guilty to count 21 of the third superceding indictment. (Doc. 940). She entered into a binding plea agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C), which provided for a term of incarceration of 216 months. (Doc. 1392, Ex. 1, Plea Agreem. ¶ 11). The plea agreement contained an appeal waiver. (Id. ¶ 24).

On September 4, 2009, the day after the change of plea colloquy, Robinson sent a handwritten letter to the court, which the court construed as a *pro se* motion to withdraw her guilty plea. (Doc. 947). In a type-written letter dated September 6, 2009, Robinson explained that she was "very distraught" about her decision to plead guilty and that her decision was a result of coercion from her attorney and husband. (Doc. 949). She explained that she "definitely would have not waived [her] rights to file a motion 2255 for ineffectiveness of counsel knowing that [she] had problems with [her] attorney all during . . . trial." (Id.)

On June 2, 2010, after holding an oral argument on the motion, the court issued a memorandum and order denying the motion to withdraw the guilty plea. (Doc. 1155). The court sentenced Robinson pursuant to the terms of her plea agreement to a term of incarceration of 216 months followed by six years supervised release. (Doc. 1208). She appealed the judgment and the Third Circuit Court of Appeals affirmed. (Doc. 1348). The Third Circuit found that Robinson did not carry her substantial burden of demonstrating a "fair and just reason" for withdrawing her plea, and thus, the District Court did not abuse

its discretion in denying her motion.  U.S. v. Robinson, 427 F. App'x 163, 164-68 (3d Cir. 2011).

On May 30, 2012, Robinson filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1359), which the court denied on July 25, 2012 (Doc. 1395).  Subsequent to the court's denial of her 28 U.S.C. § 2255 motion, Robinson filed two motions for leave to file an untimely appeal.  (Docs. 1402, 1403).  The court denied both motions on August 20, 2013.[1]  (Doc. 1412). Robinson now moves for reconsideration of the court's August 20, 2013 order.  (Doc. 1417).

**Legal Standard**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice.  Max's Seafood Café, 176 F.3d at 677.  A motion for

---

[1] The Third Circuit Court of Appeals agreed with the court's reasoning and dismissed Robinson's appeal for lack of appellate jurisdiction on September 19, 2013.  (Doc. 1416).

3

reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

**Discussion**

In the instant motion, Robinson contends that the court should reconsider its decision denying her motions for leave to file an untimely appeal. Specifically, Robinson argues that she did not have the opportunity to file a timely appeal because she did not become aware of the court's July 25, 2012 order until February 5, 2013. As such, Robinson was unable to file a timely appeal with the Third Circuit Court of Appeals because February 5, 2012 was beyond the 180-day outer limit imposed by Appellate Rule 4(a)(6)(B).

Robinson's argument, however, fails to satisfy any of the three grounds for reconsideration. Robinson does not assert a change in controlling law. Robinson fails to proffer any new evidence. Robinson does not contend that the court's prior memorandum and order contain clear errors of law.

The law provides that a notice of appeal must be filed within thirty (30) days after the entry of the judgment or order appealed from, or within sixty (60) days, when one of the parties to the case is the United States. FED. R. APP.

4

P. 4(a)(1). If a party fails to file his notice of appeal within the prescribed time limit, the appellate rules provide a limited opportunity to reopen the time to file an appeal when the following conditions are met:

> First, the district court must find that the party moving to reopen the time to file an appeal did not receive notice of the entry of the judgment or order sought to be appealed within twenty-one days after its entry on the district court docket. Second, the motion to reopen must be filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier. Third, the district court must find that no party would be prejudiced. If all of these conditions are met, the district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered.

Baker v. United States, 670 F.3d 448, 454 (3d Cir. 2012) (citing FED. R. APP. P. 4(a)(6)(A)-(C)).

In the present case, Robinson filed her notice of appeal on February 19, 2013, which is 209 days after the entry of the court's order denying Robinson's 28 U.S.C. § 2255 motion and beyond the 180-day outer limit imposed by Appellate Rule 4(a)(6)(B). As such, Robinson failed to comply with the requirement that her motion be filed **within the earlier** of 180 days after the order was entered or within fourteen (14) days after receiving notice of the court's order.

Confronted with these jurisdictional rules, Robinson nonetheless claims

5

that the court should enlarge her time to appeal to prevent a "miscarriage of justice." Essentially, Robinson requests the court exercise its equitable authority and allow her to file a notice of appeal outside the constraints of the Federal Rules of Appellate Procedure.

Robinson cites no authority, and our research has uncovered none, to support her proposition. Indeed, cases point to the opposite conclusion. See Bowles v. Russell, 551 U.S. 205, 209-14 (2007) (finding that the time limits prescribed for filing a notice of appeal are "mandatory and jurisdictional"); Baker, 670 F.3d at 456 (stating that district courts **cannot extend the time to appeal** because the appellate rules listed in 28 U.S.C. § 2107, which are embodied in Appellate Rule 4(a)(6), are jurisdictional and are not subject to equitable modification.) (emphasis added). Moreover, when a party was not notified of a judgment or order by either the clerk of court or another party within twenty-one (21) days after entry, "an appeal cannot be brought more than 180 days after entry, no matter what the circumstances." Baker, 670 F.3d at 456 (quoting FED. R. APP. P. 4(a)(6) 2005 Advisory Committee Note).

In short, a notice of appeal in a civil case in which the United States is a party must be filed within sixty (60) days of the date of entry of the judgment. FED. R. APP. P. 4(a)(1)(B). The time limits prescribed for filing a notice of

6

appeal are "mandatory and jurisdictional."  Bowles, 551 U.S. at 209-14.  Here, Robinson failed to file her notice of appeal within sixty (60) days after entry of the court's July 25, 2012 Order, which denied her motion to vacate her sentence pursuant to 28 U.S.C. § 2255.  Additionally, Robinson has failed to demonstrate any basis in the record for extending the filing deadline.  See, e.g., Fed. R. App. P. 4(a)(5)-(6).  As such, Robinson's prior motions for leave to file an untimely appeal were properly denied because they were filed beyond the 180-day limit imposed by Fed. R. App. P. 4(a)(6)(B).

**Conclusion**

For the reasons stated above, Robinson's motion for reconsideration will be denied.  An appropriate order follows.