IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 4:07cr389 |
| | : | No. 4:12cv1011 |
| v. | : | |
| | : | (Judge Munley) |
| **DOROTHY ROBINSON,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Before the court is Defendant Dorothy Robinson's (hereinafter "Robinson") motion to reduce her sentence. (Doc. 1424). For the following reasons, the court will deny Robinson's motion.

**Background**

On September 27, 2007, a grand jury in the United States District Court for the Middle District of Pennsylvania returned a 26-count indictment against a number of defendants related to a conspiracy to distribute cocaine and cocaine base within 1,000 feet of protected zones, including public housing and playgrounds. (Doc. 1). Count 21 charged Robinson with knowingly, intentionally and unlawfully possessing with the intent to distribute crack cocaine within 1,000 feet of public housing. (Id.) Count 21 also charged Robinson with aiding and abetting in the possession and distribution of crack cocaine within 1,000 feet of public housing. (Id.)

On September 1, 2009, a non-jury trial commenced against Robinson before the Honorable Thomas I. Vanaskie. Attorney Joseph O'Brien

represented Robinson.  On the third day of trial, Robinson withdrew her plea of not guilty and pled guilty to count 21 of the third superseding indictment.  (Doc. 940).  She entered into a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which provided for a term of incarceration of 216 months.  (Doc. 1392, Ex. 1, Plea Agreement ¶ 11).  The plea agreement contained an appeal waiver.  (Id. ¶ 24).

On September 4, 2009, the day after the change of plea colloquy, Robinson sent a handwritten letter to the court, which the court construed as a *pro se* motion to withdraw her guilty plea.  (Doc. 947).  In a type-written letter supporting the motion, Robinson explained that she was "very distraught" about her decision to plead guilty and that her decision was a result of coercion from both her attorney and husband.  (Doc. 949).  She explained that she "definitely would have not waived [her] rights to file a motion 2255 for ineffectiveness of counsel knowing that [she] had problems with [her] attorney all during . . . trial."  (Id.)

On June 2, 2010, after holding an oral argument on the motion, the court issued a memorandum and order denying Robinson's motion to withdraw her guilty plea.  United States v. Robinson, 4:CR-07-389, 2010 WL 2265904 (M.D. Pa. June 2, 2010).  The court noted that the government presented substantial evidence at the three-day trial, which indicated Robinson was directly involved

2

in the distribution of crack cocaine.  Id. at *9.  Specifically:

> On September 1, 2009, at Defendant Robinson's first day of trial, Mr. Lewis "Guy" Tedesco ("Tedesco") was called on behalf of the government to testify. Tedesco, a confidential informant, testified that on August 1, 2007, he met with Pennsylvania State Trooper Dennis Haines in order to participate in a controlled purchase at a residence located at 725 High Street, Williamsport, Pennsylvania.  Tedesco and Trooper Haines met about two blocks from her residence, in the parking lot of a hospital, where Trooper Haines searched Tedesco, then gave him $200 to buy crack cocaine.
> Tedesco proceeded to 725 High Street, where co-defendant James Ross answered the front door.  While the front door was being opened, Tedesco saw Defendant Robinson and co-defendant Earl Sampson exiting a bedroom located on the first floor.  Tedesco informed Defendant Robinson that he was there to purchase [3.5 grams] of crack, and she invited him to the kitchen located in the rear of the residence.  In the kitchen, Tedesco gave Defendant Robinson $200, and in return she produced a plastic bag with crack cocaine.  Upon receipt of the crack cocaine, Tedesco exited the house and met with Trooper Haines in the nearby hospital parking lot.  Tedesco turned the drugs over to Trooper Haines, who conducted one final search of Tedesco. The August 1, 2007 transaction formed the predicate for Count 21 of the Third Superseding Indictment, the charge to which Ms. Robinson pled guilty.

Id. at *1 (internal citations omitted).  Additionally, the court determined that allowing Robinson to withdraw her plea would subject the government to substantial prejudice.  Id. at *11.  The court noted that "the government has expended significant resources to prepare for and try the three-day bench trial. A number of witnesses are co-defendants who do not wish to testify a second time against Defendant Robinson, and some have already been sentenced."

3

Id. Accordingly, the court determined that Robinson failed to carry her substantial burden and denied Robinson's motion to withdraw her guilty plea.

The court sentenced Robinson pursuant to the terms of her plea agreement to a term of incarceration of 216 months followed by six years supervised release. (Doc. 1208). She appealed the judgment and the Third Circuit Court of Appeals affirmed. U.S. v. Robinson, 427 F. App'x 163 (3d Cir. 2011). The Third Circuit determined that Robinson did not carry her substantial burden of demonstrating a "fair and just reason" for withdrawing her plea, and thus, the District Court did not abuse its discretion in denying her motion. Id. at 164-68.

On May 30, 2012, Robinson filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1359), which the court denied on July 25, 2012 (Doc. 1395). Subsequent to the court's denial of her 28 U.S.C. § 2255 (hereinafter "section 2255") motion, Robinson filed two motions for leave to file an untimely appeal. (Docs. 1402, 1403). The court denied both motions on August 20, 2013, and Robinson's subsequent motion for reconsideration on October 21, 2013.[1] (Docs. 1412, 1418). On October 30, 2013, the court also denied Robinson's motion to file a second section 2255 motion.

---

[1] The Third Circuit Court of Appeals agreed with the court's reasoning and dismissed Robinson's appeal for lack of appellate jurisdiction on September 19, 2013. (Doc. 1416).

**Discussion**

Presently before the court is Robinson's motion to reduce her sentence. (Doc. 1424). Robinson argues that the Supreme Court's decision in <u>Rosemond v. United States</u>, 134 S. Ct. 1240 (2014) compels a reduction in her sentence. Specifically, Robinson contends that she "was charged with aiding and abetting . . . with Mr. Earl Sampson and would ask the court to review this matter and render a ruling. The charge cannot be imputed therefore should be dismissed." (<u>Id.</u> at 1).

<u>Rosemond</u> addressed 18 U.S.C. § 2, "the federal aiding and abetting statute." 134 S. Ct. at 1243. In <u>Rosemond</u>, the Supreme Court concluded that a person aids or abets a firearms crime when he: (1) commits an act in furtherance of the crime and (2) has an intent to facilitate the crime in time to "do something with [that knowledge]–most notably, opt to walk away." <u>Id.</u> at 1249-50.

The Supreme Court reasoned that such advance knowledge "enables [the accomplice] to make [a] legal (and indeed, moral) choice" – either continue participating, or stop. <u>Id.</u> at 1249. "[I]f a defendant continues to participate . . . after a gun is displayed . . . , the jury can permissibly infer" that he had the requisite foreknowledge. <u>Id.</u> at 1250 n.9. "But when an accomplice knows nothing of a gun until it appears at the scene, . . . he may at that point

5

have no realistic opportunity to quit the crime." Id. at 1249. When this is so, he lacks the required intent to aid the gun-use, as aiding and abetting doctrine requires. Id. at 1249-50.

Rosemond, however, is inapplicable because Robinson pled guilty to unlawfully possessing a controlled substance, not **aiding and abetting** in the unlawful possession of a controlled substance. In the instant matter, Count 21 of the third superseding indictment charged Robinson with two crimes: (1) knowingly or intentionally unlawfully possess with the intent to distribute cocaine base known as crack within 1,000 feet of public housing and (2) aiding and abetting in the unlawful possession and distribution of crack cocaine within 1,000 feet of public housing. Unlike the defendant is Rosemond, Robinson did not plead guilty to aiding and abetting. Rather, Robinson pled guilty to unlawfully possessing a controlled substance with the intent to distribute.

Specifically, the factual foundation underlying Robinson's guilty plea demonstrates that Robinson plead guilty to distributing crack cocaine within 1000 feet of public housing, on August 1, 2007, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). As previously stated:

> On September 1, 2009, at Defendant Robinson's first day of trial, Mr. Lewis "Guy" Tedesco ("Tedesco") was called on behalf of the government to testify. Tedesco, a confidential informant, testified that on August 1, 2007, he met with Pennsylvania State Trooper Dennis Haines in order to participate in a controlled purchase at a residence located at 725 High

>   Street, Williamsport, Pennsylvania.  Tedesco and Trooper Haines met about two blocks from her residence, in the parking lot of a hospital, where Trooper Haines searched Tedesco, then gave him $200 to buy crack cocaine.
>   Tedesco proceeded to 725 High Street, where co-defendant James Ross answered the front door.  While the front door was being opened, Tedesco saw Defendant Robinson and co-defendant Earl Sampson exiting a bedroom located on the first floor.  Tedesco informed Defendant Robinson that he was there to purchase [3.5 grams] of crack, and she invited him to the kitchen located in the rear of the residence.  In the kitchen, Tedesco gave Defendant Robinson $200, and in return she produced a plastic bag with crack cocaine.  Upon receipt of the crack cocaine, Tedesco exited the house and met with Trooper Haines in the nearby hospital parking lot.  Tedesco turned the drugs over to Trooper Haines, who conducted one final search of Tedesco. The August 1, 2007 transaction formed the predicate for Count 21 of the Third Superseding Indictment, the charge to which Ms. Robinson pled guilty.

United States v. Robinson, 2010 WL 2265904 at *1 (internal citations omitted).

Judge Vanaskie also noted at sentencing that "Ms. Robinson was clearly the leader of a wide-ranging drug-trafficking conspiracy that affected a number of individuals in the Williamsport area.  She was responsible and properly had attributed to her a large volume of controlled substances" that distinguish Robinson from her co-defendants.  (Doc. 1240, sentencing tr. dated 6/24/10 at 18).  Additionally, Robinson's plea agreement states:

>   AND NOW, this 3rd day of September, 2009, Dorothy Robinson, the above-named Defendant, in open Court, withdraws her prior plea of not guilty to the Third Superseding Indictment, filed August 14, 2008 at 4:CR-07-389, and pleads **GUILTY** to County Twenty-One of the Third Superseding Indictment, distribution of cocaine base known as crack within

7

>1000 feet of public housing, on August 1, 2007, **in violation of 21 U.S.C. §§ 841(a)(1) and 860(a)**.

(Doc. 940, Robinson's guilty plea dated 9/3/09) (emphasis added). As such, the factual basis underlying Robinson's plea, Judge Vanaskie's statements at sentencing and the plea itself unequivocally establish that Robinson pled guilty to committing the underlying drug offenses, not aiding and abetting in the commission of these offenses. As such, Robinson's motion to reduce her sentence will be denied.

**CONCLUSION**

For the above-stated reasons, the court will deny Robinson's motion to reduce her sentence pursuant to the United States Supreme Court's decision in Rosemond v. United States, 134 S. Ct. 1240 (2014). Rosemond is inapplicable in the instant matter because Robinson did not plead guilty to aiding and abetting pursuant to 18 U.S.C. § 2. Rather, Robinson plead guilty to distributing crack cocaine within 1000 feet of public housing, on August 1, 2007, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). An appropriate order follows.

**Date:** 08/25/14                           s/ James M. Munley
                                             **JUDGE JAMES M. MUNLEY**
                                             **United States District Court**