# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 4:07cr389** |
| | : | |
| **v.** | : | |
| | : | **(Judge Munley)** |
| **DOROTHY ROBINSON,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Before the court is Defendant Dorothy Robinson's (hereinafter "Robinson") motion to reduce her sentence pursuant to Fair Sentencing Act (hereinafter "FSA"), 18 U.S.C. § 3582(c)(2). (Doc. 1426). For the following reasons, the court will deny Robinson's motion.

**Background**

On September 27, 2007, a grand jury in the United States District Court for the Middle District of Pennsylvania returned a 26-count indictment against a number of defendants related to a conspiracy to distribute cocaine and cocaine base within 1,000 feet of protected zones, including public housing and playgrounds. (Doc. 1). Count 21 charged Robinson with knowingly, intentionally and unlawfully possessing with the intent to distribute crack cocaine within 1,000 feet of public housing. (Id.) Count 21 also charged Robinson with aiding and abetting in the possession and distribution of crack cocaine within 1,000 feet of public housing. (Id.)

On September 1, 2009, a non-jury trial commenced against Robinson

before the Honorable Thomas I. Vanaskie.  Attorney Joseph O'Brien represented Robinson.  On the third day of trial, Robinson withdrew her plea of not guilty and pled guilty to count 21 of the third superseding indictment.  (Doc. 940).  She entered into a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which provided for a term of incarceration of 216 months.  (Doc. 1392, Ex. 1, Plea Agreement ¶ 11).  The plea agreement contained an appeal waiver.  (Id. ¶ 24).

On September 4, 2009, the day after the change of plea colloquy, Robinson sent a handwritten letter to the court, which the court construed as a *pro se* motion to withdraw her guilty plea.  (Doc. 947).  In a type-written letter supporting the motion, Robinson explained that she was "very distraught" about her decision to plead guilty and that her decision was a result of coercion from both her attorney and husband.  (Doc. 949).  She explained that she "definitely would have not waived [her] rights to file a motion 2255 for ineffectiveness of counsel knowing that [she] had problems with [her] attorney all during . . . trial."  (Id.)

On June 2, 2010, after holding an oral argument on the motion, the court issued a memorandum and order denying Robinson's motion to withdraw her guilty plea. United States v. Robinson, 4:CR-07-389, 2010 WL 2265904 (M.D. Pa. June 2, 2010).  The court noted that the government presented substantial

2

evidence at the three-day trial, which established Robinson's direct involvement in the distribution of crack cocaine. Id. at *9. Specifically:

> On September 1, 2009, at Defendant Robinson's first day of trial, Mr. Lewis "Guy" Tedesco ("Tedesco") was called on behalf of the government to testify. Tedesco, a confidential informant, testified that on August 1, 2007, he met with Pennsylvania State Trooper Dennis Haines in order to participate in a controlled purchase at a residence located at 725 High Street, Williamsport, Pennsylvania. Tedesco and Trooper Haines met about two blocks from her residence, in the parking lot of a hospital, where Trooper Haines searched Tedesco, then gave him $200 to buy crack cocaine.
> Tedesco proceeded to 725 High Street, where co-defendant James Ross answered the front door. While the front door was being opened, Tedesco saw Defendant Robinson and co-defendant Earl Sampson exiting a bedroom located on the first floor. Tedesco informed Defendant Robinson that he was there to purchase [3.5 grams] of crack, and she invited him to the kitchen located in the rear of the residence. In the kitchen, Tedesco gave Defendant Robinson $200, and in return she produced a plastic bag with crack cocaine. Upon receipt of the crack cocaine, Tedesco exited the house and met with Trooper Haines in the nearby hospital parking lot. Tedesco turned the drugs over to Trooper Haines, who conducted one final search of Tedesco. The August 1, 2007 transaction formed the predicate for Count 21 of the Third Superseding Indictment, the charge to which Ms. Robinson pled guilty.

Id. at *1 (internal citations omitted). Additionally, the court determined that allowing Robinson to withdraw her plea would subject the government to substantial prejudice. Id. at *11. The court noted that "the government has expended significant resources to prepare for and try the three-day bench trial. A number of witnesses are co-defendants who do not wish to testify a second

time against Defendant Robinson, and some have already been sentenced." Id. Accordingly, the court determined that Robinson failed to carry her substantial burden and denied Robinson's motion to withdraw her guilty plea.

The court sentenced Robinson pursuant to the terms of her plea agreement to a term of incarceration of 216 months followed by six years supervised release. (Doc. 1208). She appealed the judgment and the Third Circuit Court of Appeals affirmed. U.S. v. Robinson, 427 F. App'x 163 (3d Cir. 2011). The Third Circuit determined that Robinson did not carry her substantial burden of demonstrating a "fair and just reason" for withdrawing her plea, and thus, the District Court did not abuse its discretion in denying her motion. Id. at 164-68.

On May 30, 2012, Robinson filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1359), which the court denied on July 25, 2012 (Doc. 1395). Subsequent to the court's denial of her 28 U.S.C. § 2255 (hereinafter "section 2255") motion, Robinson filed two motions for leave to file an untimely appeal. (Docs. 1402, 1403). The court denied both motions on August 20, 2013, and Robinson's subsequent motion for reconsideration on October 21, 2013.[1] (Docs. 1412, 1418). On October 30, 2013, the court also

---

[1] The Third Circuit Court of Appeals agreed with the court's reasoning and dismissed Robinson's appeal for lack of appellate jurisdiction on September 19, 2013. (Doc. 1416).

denied Robinson's motion to file a second section 2255 motion. Robinson's instant motion seeks a reduction in her sentence under the FSA. (Doc. 1426).

**Legal Standard**

The FSA provides that when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the court may, "upon motion of the defendant . . . reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

**Discussion**

Robinson seeks a reduction based upon the FSA-inspired Guidelines amendments, which lowered offense levels for cocaine base (crack cocaine) offenses. To be entitled to a reduction of sentence, however, "a defendant's **sentencing range** must have been lowered by recalculation based on the amended base offense level." United States v. Mateo, 529 F.3d 152, 154 (3d Cir. 2009) (addressing motion to reduce sentence based on amendment to crack cocaine guidelines); see also U.S.S.G. § 1B1.10(a)(2)(b) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . .

[a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

Here, the 2010 amendments did not alter the advisory Guidelines range applicable to Robinson.  At Robinson's sentencing, Judge Vanaskie adopted the factual findings of the pre-sentence investigation report, which determined that Robinson possessed 19.5 kilograms of cocaine base.  (Doc. 1240, Sentencing Tr. dated June 24, 2010 at 4).  Both before and after the enactment of the FSA, the Guidelines set a base offense level of 38 for 19.5 kilograms of crack cocaine.  Compare U.S.S.G. § 2D1.1 (Nov. 2009) (setting offense level of 38 for "4.5 KG or more of Cocaine Base"); with U.S.S.G. § 2D 1.1 (Nov. 2011) (setting offense level of 38 for "8.4 KG or more of Cocaine Base").  Robinson is therefore ineligible for a reduction under 18 U.S.C. § 3582(c)(2).

**Conclusion**

For the above-stated reasons, the court will deny Robinson's motion to reduce her sentence pursuant to FSA, 18 U.S.C. § 3582(c)(2).  An appropriate order follows.

**Date:  01/20/2015**                              <u>James M. Munley</u>
                                                               **JUDGE JAMES M. MUNLEY**
                                                               **United States District Court**