UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 4:07-CR-389-10 |
| v. | (JUDGE MARIANI) |
| DOROTHY ROBINSON,<br>            Defendant. | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Defendant Dorothy Robinson's motion for a reduced sentence of time served or a resentencing hearing under section 404 of the First Step Act. (Doc. 1488).[1] For the reasons discussed below, the Court will deny the motion.

### II. FACTUAL ALLEGATIONS

On September 3, 2009, Defendant pleaded guilty to knowingly, intentionally and unlawfully possessing with the intent to distribute cocaine base (crack) within 1,000 feet of public housing and aiding and abetting in the possession and distribution of cocaine base (crack) within 1,000 feet of public housing in violation of 21 U.S.C. §§ 841(a) and 860(a). (Doc. 940, Doc. 435). She entered into a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which provided for a term of incarceration of 216 months.

---

[1] Defendant originally filed several *pro se* motions for resentencing under the First Step Act. Subsequently, the court appointed the Office of the Federal Public Defender to represent the defendant pursuant to Standing Order 19-1 (Doc. 1486). Defendant's court appointed counsel filed the instant motion. As such, the defendant's *pro se* motions (Docs. 1478, 1479, 1482, 1483) will be denied as superseded by the motion filed by counsel.

(Doc. 1392, Ex. 1, Plea Agreement ¶ 11). The plea agreement contained an appeal waiver. (*Id.* ¶ 24).

The Probation Office drafted a presentence report ("PSR") based upon the 2009 Sentencing Guidelines. (PSR at ¶ 30). The report revealed that Defendant was responsible for 19.5 kilograms of cocaine base through her operation of several "crack houses" throughout the Williamsport, Pennsylvania area. (*Id.* at ¶¶ 21, 25). Her offense level was 39. (*Id.* at ¶ 32). The Probation Office added the following enhancements to her offense level: four (4) levels for being an organizer or leader of criminal entity that involved four (4) or more participants; and two (2) levels for using a minor to commit the offense. (*Id.* at ¶¶ 35, 36). Thus, her total offense level calculation was 45. (*Id.* at ¶ 38). The highest offense level under the Guidelines Sentencing Table is 43, so the PSR treated her offense level as a 43. (*Id.* at ¶ 71). She was assigned a criminal history category of II. The offense level and criminal history category led to a sentencing guideline of life imprisonment. (*Id.*) The statutory maximum for Defendant's offense, however was 60 years or 720 months;[2] therefore, the maximum sentence she could receive was 60 years/720 months. (*Id.*)

---

[2] Robinson pleaded guilty to 21 U.S.C. § 841(a) regarding crack cocaine and the weight was unspecified. As explained more fully below, the computation of her penalty thus fell under 21 U.S.C. § 841(b)(1)(C). She had a prior felony drug conviction, therefore, her penalty maximum under this statutory section is 30 years. (*See* PSR at ¶ 70). As noted, she was also convicted of 21 U.S.C. § 860. Section 860 states: "Any person who violates section 841(a)(1) of this title. . . within one thousand feet of ... [a] housing facility owned by a public housing authority . . . is . . subject to . . . twice the maximum punishment authorized by section 841(b) of this title[.]" Here, defendant's statutory maximum under 21 U.S.C. § 841(b)(1)(C), thirty years imprisonment, is doubled to 60 years maximum due to the section 860 conviction. (*See* PSR at ¶ 70).

The court adopted the PSR and accepted the binding plea, sentencing Defendant to 216 months, 6 years of supervised release and a $1,000 fine. (Doc. 1208; Doc. 1240 at 4-5, 15-16). Defendant's projected release date is July 28, 2023. (Doc. 1489, Def.'s Br. at 3). Defendant now moves under the First Step Act for a reduction of her sentence to time served or a resentencing hearing under section 404 of the First Step Act. (Doc. 1488).

### III. ANALYSIS

To reduce the sentencing disparity between cocaine and cocaine base (crack) offenses, Congress enacted the Fair Sentencing Act of 2010. Section 2 of the Fair Sentencing Act increased the amount of cocaine base that subjects criminal defendants to the five-year and ten-year mandatory minimum sentences enumerated by 21 U.S.C §§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii). *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). Specifically, Section 2 of the Fair Sentencing Act increased the threshold quantity of cocaine base (crack) from "50 grams" to "280 grams" with respect to the ten-year mandatory minimum under 21 U.S.C. § 841(a)(1)(A)(iii), and from "5 grams" to "28 grams" with respect to the five-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B)(iii). *Id.* at § 2(a).

Relief under the Fair Sentencing Act generally did not apply retroactively to those sentenced prior to its enactment. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012). On December 21, 2018, Congress enacted the First Step Act, which gave retroactive effect to Section 2 of the Fair Sentencing Act. *See* First Step Act of 2018, Pub. L. No. 115-391, §

404, 132 Stat. 5194, 5222 (2018). In relevant part, the First Step Act authorizes federal district courts, on a motion made by a defendant, to impose a reduced sentence for a covered crack offense as if Section 2 of the Fair Sentencing Act was in effect when the defendant committed the covered offense. *Id.* at § 404(b).

Defendant argues that her conviction, which occurred before August 3, 2010, is a covered offense under the First Step Act, and thus, she is entitled to retroactive relief under the Fair Sentencing Act. The issue the Court must determine, therefore, is whether Defendant was indeed sentenced for the violation of a "covered offense" as that term is defined in the First Step Act. *United States v. Jackson*, -- F.3d --, 2020 WL 3563995 at *2 (3d Cir. 2020). The First Step Act defines a covered offense as follows:

> (a) DEFINITION OF COVERED OFFENSE. -- In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by a section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

The Third Circuit has held that to determine whether a defendant committed a covered offense, the court should examine the defendant's statute of conviction rather than the defendant's actual conduct, i.e. the drug quantity that the defendant possessed. *Jackson*, 2020 WL 3563995 at *7.

The penalties for certain specified weights of crack cocaine are set forth in subsections 21 U.S.C. § 841(b)(1)(A)(iii), (280 grams or more of crack cocaine) and

4

841(b)(1)(B)(iii) (28 grams or more of crack cocaine). Lesser weights, including unspecified weights, fall under 21 U.S.C. § 841(b)(1)(C).[3] Under *Jackson*'s reasoning, where a defendant's conviction falls under subsection A or subsection B then the First Step Act applies. *Id.* at *1, n.3, *7.

In the instant case, Defendant's conviction does not fall under subsection A or subsection B. She was convicted under 21 U.S.C. §§ 841(a) and the amount of crack cocaine was unspecified. (Doc. 940, Doc. 435).[4] Because defendant pleaded guilty under 21 U.S.C. § 841(a) to an unspecified amount of crack cocaine, her penalty is set forth in subsection C. Defendant argues that although she was not convicted of subsection A or subsection B, she is nonetheless entitled to relief because her conviction falls under 21 U.S.C. § 841(a) and all section 841(a) convictions are covered by the First Step Act, regardless of whether the penalty falls under subsection A, B, or C. The Court, light of *Jackson*, disagrees.

Instead of focusing on § 841(a) generally, as the defendant proposes, the Third Circuit's analysis in *Jackson* focuses on the specific penalty subsection applicable to the case. It notes that the Fair Sentencing Act amended subsections A and B. As explained by the Court in *Jackson*, "Section two [of the Fair Sentencing Act] amended § 841(b)(1)(B)(iii) so that the penalties previously triggered by possession of five grams or more of crack now

---

[3] For clarity, the Court will refer to these statutory subparagraphs as subsection A, subsection B, and subsection C respectively.
[4] As explained above, defendant also pleaded guilty to 21 U.S.C. § 860. The conviction of 21 U.S.C. § 860 serves to double the statutory maximum defendant is subject to under 21 U.S.C. § 841(b).

5

require possession of twenty-eight grams or more. See 124 Stat. at 2372. Similarly, section two increased the quantity threshold in § 841(b)(1)(A)(iii) from fifty to 280 grams of crack." *Jackson*, 2020 WL 3563995 at *1, n.3. Defendant here was not convicted or sentenced under either of these subsections. Her penalty for an unspecified amount of cocaine base (crack) falls under subsection C, which was *not* amended by the Fair Sentencing Act. Accordingly, her conviction is not a "covered offense" under the First Step Act, and she is not entitled to relief. See *United States v. Washington*, 2019 WL 4273862 at *2 (M.D. Pa. Sept. 10, 2019) (the statutory penalties under 21 U.S.C.§ 841(b)(1)(C) were not amended by the Fair Sentencing Act, thus a conviction whose penalty falls under that section is not a "covered offense" of the First Step Act); *United States v. Smith*, 2019 WL 4573263 (M.D. Pa. Sept. 20, 2019) (same).

    Defendant relies upon a First Circuit Court of Appeals case in support of her position, *United States v. Smith*, 954 F.3d 446 (1st Cir. 2020). *Smith* does in fact adopt the broad view of the First Step Act which the defendant proposes, and applies First Step Act relief to any conviction under § 841(a) regardless of whether the claim falls under subsection A, B or C. That approach, however, was not adopted by the Court in *Jackson*.

    In *Jackson*, the Third Circuit cited to *Smith* and seven other circuit court cases for the proposition the court should examine the defendant's statute of conviction rather than the facts of the case to determine the First Step Act's applicability. *Jackson*, 2020 WL 3563995 at *3, 7. Neither the Third Circuit nor any of the other seven circuit court cases to which it

cited, held that the First Step Act extends to offenses for which the penalty is prescribed by § 841(b)(1)(C). *See United States v. Johnson*, 961 F.3d 181, 190 (2d Cir. 2020)("For example, in this case Davis was convicted of and sentenced for violating Sections 846, 841(a)(1), and 841(b)(1)(A)(iii) of Title 21 of the United States Code. Section 2 of the Fair Sentencing Act modified the statutory penalties associated with a violation of those provisions by increasing Section 841(b)(1)(A)(iii)'s quantity threshold from 50 to 280 grams. Section 2 thus modified – in the past tense – the penalties for Davis's statutory offense, even though Davis was sentenced too early to benefit from the change."); *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019)("A 'covered offense' is defined as 'a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010.' . . . In Defendant's view, the phrase 'the statutory penalties for which' refers to 'a Federal criminal statute.' . . . The result of that interpretation would be that any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii) – both of which were modified by Section 2 of the Fair Sentencing Act, *see* Fair Sentencing Act § 2(a), 124 Stat. at 2372 – is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act. First Step Act § 404(b), 132 Stat. at 5222. We agree that this is the correct interpretation of the statute."); *id.* at 186 ("All defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and who are not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are

eligible to move for relief under that Act."); *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019), cert. denied, -- U.S. --, 2020 WL 1906710 (2020) (applying First Step Act to § 841(b)(1)(B)(iii)); *United States v. Boulding*, 960 F.3d 774, 775 (6th Cir. 2020) (applying First Step Act to § 841(b)(1)(A)(iii) and (b)(1)(B)(iii)); *United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020) (applying First Step Act to § 841(b)(1)(A)(iii) and (b)(1)(B)(iii)); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) (applying First Step Act to § 841(b)(1)(A)(iii)); *United States v. Jones*, -- F.3d --, 2020 WL 3248113, at *7 (11th Cir. 2020) ("Reading the penalties clause as modifying the unified phrase 'violation of a Federal criminal statute' avoids these oddities. It makes clear that the clause refers to the crack-cocaine offenses for which sections 841(b)(1)(A)(iii) and (B)(iii) provide the penalties. Those provisions are two of the statutory penalty provisions that apply to violations of section 841(a), and they are the only provisions that the Fair Sentencing Act modified."); *id.* ("The district court must determine whether the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii). If so, the movant committed a covered offense.").

Because the Third Circuit, and the cases it cites to, did not adopt the expansive reading of the First Step Act that the *Smith* court did, the Court finds Defendant's reliance on *Smith* to be unavailing. Under *Jackson*, the First Step Act applies to those sentenced pursuant to § 841(b)(1)(A)(iii) or (B)(iii), the sections amended by the Fair Sentencing Act. It does not apply to § 841(b)(1)(C), for an unspecified amount of cocaine base, which was not amended. *See United States v. Foley*, 798 F. App'x 534, 536 (11th Cir. 2020)(per curiam)

("Since Foley pled guilty to possessing, with the intent to distribute, an unspecified quantity of cocaine base, he was sentenced under § 841(b)(1)(C). . . . Sections 2 and 3 of the Fair Sentencing Act modified 21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(B)(iii), 844(a), 960(b)(1)(C), and 960(b)(2)(C) – but, importantly here, *not* § 841(b)(1)(C)."); *United States v. Martinez*, 777 F.App'x 946, 947 (10th Cir. 2019) ("Martinez . . . was convicted of violating 21 U.S.C. § 841(b)(1)(C), a statutory provision that criminalizes possession with intent to distribute crack cocaine, irrespective of quantity. The Fair Sentencing Act had no effect on § 841(b)(1)(C) and, thus, Martinez's crime of conviction is not a 'covered offense' under the Act.").

The court here sentenced Defendant under § 841(b)(1)(C), therefore, the First Step Act is inapplicable.

For the reasons set forth above, Defendant Robinson does not qualify for relief under the First Step Act and her motion for resentencing will be denied. An appropriate order follows.

                                                      Robert D. Mariani
                                                      United States District Judge